## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## LOUISVILLE DIVISION

**DE'ONTAE ANTWYAN GOTT**                                             **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 3:21-CV-P573-GNS**

**LOUISVILLE METRO DEP'T OF CORR.** *et al.*                          **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This is a civil-rights action brought by a pretrial detainee pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss Plaintiff's claims but provide him the opportunity to file an amended complaint.

## I.

Plaintiff De'Ontae Antwyan Gott sues the Louisville Metro Department of Corrections (LMDC) and four LMDC officers in their official capacities only – Sergeant G. Briles, Officer Patrick, Officer D. Higdon, and Officer Sogan.

Plaintiff alleges that Defendants Briles, Patrick, Higdon, and Sogan used excessive force against him on September 8, 2021. Plaintiff alleges that during the incident handcuffs were placed so tightly upon him that they cut into his skin and that his arms were pushed over his head injuring his shoulders. He also states that he was held on the floor and that his prosthetic leg "was yanked off" and that he was "left in handcuffs with my leg being yanked off for a grave period of time." Plaintiff additionally alleges that Defendants hurt his hip "do to the fact my leg is held on by sucksion." Plaintiff states that "[t]his all took place because I'm disable and asked Defendants Briles and Patrick to stop pushing me" and because he could not move as quickly as these Defendants desired since "his prosthetic leg was not working properly." Plaintiff also alleges that Defendant Briles denied him access to medical treatment following the excessive-force incident.

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).   Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

 "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995).  The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to

the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

#### A. LMDC and Official-Capacity Claims

LMDC is not an entity subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 U.S. App. LEXIS 28072, at *2 (6th Cir. Nov. 6, 2000). In this situation, Louisville Metro is the proper Defendant. *See Smallwood v. Jefferson Cty. Gov't*, 743 F. Supp. 502. 503 (W.D. Ky. 1990). Similarly, "[o]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, Plaintiff's official-capacity claims against the individual Defendants who work at LMDC are actually also against Louisville Metro.

When a § 1983 claim is made against a municipality such as Louisville Metro, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City*

*of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell*, 436 U.S. at 691.

Here, Plaintiff does not allege that any harm he suffered was the result of a custom or policy implemented or endorsed by Louisville Metro. Rather, it appears that it was an isolated occurrence affectingly only Plaintiff. Thus, the Court will dismiss Plaintiff's claims against LMDC and his official-capacity claims for failure to state a claim upon which relief may be granted.

### B. Amended Complaint

Before dismissing this action for the reasons stated above, the Court will provide Plaintiff the opportunity to amend his complaint to sue Defendants Briles, Patrick, Higdon, and Sogan in their individual capacities. *See LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) ("[U]nder Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA [Prison Litigation Reform Act]."). If Plaintiff so amends his complaint, the Court will allow Fourteenth Amendment excessive-force claims to proceed against Defendants Briles, Patrick, Higdon, and Sogan and a Fourteenth Amendment claim for deliberate indifference to Plaintiff's serious medical needs to proceed against Defendant Briles.[1]

### IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiff's claim against LMDC and his official-capacity claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

---

[1] While the Eighth Amendment provides a convicted inmate the right to be free from cruel and unusual punishment, it is the Due Process Clause of the Fourteenth Amendment that provides similar protection to pretrial detainees. *Richmond v. v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (citing *Richko v. Wayne Cty.*, 819 F.3d 907, 915 (6th Cir. 2016)).

Because no claims remain against it, the **Clerk of Court** is **DIRECTED** to **terminate LMDC as a party to this action**.

**IT IS FURTHER ORDERED** that within <u>30 days</u> of entry of this Order, **Plaintiff may file an amended complaint in which he sues Defendants Briles, Patrick, Higdon, and Sogan in their individual capacities.**

The **Clerk of Court** is **DIRECTED** to send Plaintiff the second page of his § 1983 complaint (DN 1) with the words "Amended Complaint" and this case number written in the caption for Plaintiff's use should he decide to file an amended complaint.

If Plaintiff fails to file an amended complaint within the time allotted, the Court will dismiss this action for the reasons set forth above.

Date:  October 28, 2021

Greg N. Stivers, Chief Judge
United States District Court

cc:     Plaintiff, *pro se*
        Defendants
        Jefferson County Attorney
4416.011

5